**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TASHA JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1401-CR-1 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49F07-1206-CM-42919

**September 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Tasha Jones ("Jones") appeals her conviction, after a bench trial, for Class A misdemeanor conversion.[1] On appeal, Jones claims that the State did not prove that she knowingly exerted unauthorized control over the property in question. Concluding that the State presented sufficient evidence at trial, we affirm Jones's conviction.

We affirm.

## ISSUE

Whether sufficient evidence supports Jones's conviction.

## FACTS

On June 23, 2012, Stacy Rushton ("Rushton") was working at an Indianapolis Walmart as an Asset Protection Officer. Jones was in the Walmart that day with her two children and her father. Rushton began watching Jones on the store's security cameras at the request of a co-worker, though she had previously noticed Jones in another area of the store before her co-worker's request.

Jones selected a bag and numerous towels and made her way to the cash register. Jones eventually met her son at the register; her father and daughter were already in line paying for items. Jones proceeded down a closed aisle, picked up a magazine, and stood next to the cashier who was ringing up her father's purchases. The security video appears to show that Jones leaned in and handed an item to the cashier. However, several items remained in her arms, and she did not place them down at the register for checkout. After

---

[1] IND. CODE § 35-43-4-3(a).

2

her father completed his purchase, Jones walked away from the register and toward the exit, still holding a number of items. Before Jones could exit the store, Rushton and her co-worker stopped Jones and asked her to come with them.

Rushton took Jones to an office and requested that she return the merchandise in her possession. Rushton also asked Jones for her identification. Jones refused to tell Rushton her name. Rushton then called the police, and an officer came to the Walmart and placed Jones under arrest.

On June 24, 2012, the State charged Jones with Class A misdemeanor conversion. A bench trial was held on December 9, 2013. At trial, Jones testified on her own behalf and admitted during cross-examination that she knew that the items were still in her hands when Rushton stopped her. The trial court found Jones guilty of conversion and sentenced her to a suspended term of 365 days with no probation, forty (40) hours of community service, and imposed fines and costs. Jones now appeals.

## DECISION

Jones argues that the evidence is not sufficient to support her conviction because the State failed to prove that she knowingly exerted unauthorized control of the merchandise in question.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It

3

is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

To convict Jones of conversion as charged, the State had to prove that she knowingly exerted unauthorized control over Walmart's property. I.C. § 35-43-4-3(a). A person engages in conduct "knowingly" if, when she engages in the conduct, she is aware of a high probability that she is doing so. I.C. § 35-41-2-2.

Here, the security camera footage initially shows that Jones was essentially empty-handed except for the bag she had previously selected but had not purchased. By the time Jones made her way to the cash register, she had the bag hanging from her wrist and several folded items underneath her arm. Jones walked away from the register and toward the exit without making any attempt to pay for the items. Furthermore, she admitted during cross-examination to knowing that she had the items when Rushton stopped her. Nevertheless, on appeal, Jones contends that she "was inadvertent in leaving the store without [paying for the items]." (Jones's Br. 6). This is simply an invitation for this court to reweigh the evidence, which we will not do. *Drane*, 867 N.E.2d at 146-47. Accordingly, we affirm Jones's conviction.

We affirm.

BAILEY, J., and NAJAM, J., concur.

4